UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

OIL COM UGANDA, and             CASE #_____
ISLAM EDHA ABDAHAH NAHDI,

     Plaintiffs,

vs.

ESTATE OF
BRUWER WESSEL VAN TONDER,

     Defendant,

_____/

**COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT**

Plaintiffs, OIL COM UGANDA ("OCU") and ISLAM EDHA ABDAHAH NAHDI ("NAHDI"), hereby files its Complaint for damages and declaratory judgment against Defendant, ESTATE OF BRUWER WESSELL VAN TONDER ("TONDER") and state as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a), because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and Plaintiffs are the citizens of the country of Uganda, and Defendant is citizen of the state of Florida.

2. Venue is proper in this Court because the causes of action set forth herein accrued in Lee County, Florida.

3. OCU is a corporate entity that is a citizen of the country of Uganda and does not have permanent residence in the United States and is not domiciled in the state of Florida.

4. NAHDI is an individual who is a citizen of the country of Uganda and does not have permanent residence in the United States and is not domiciled in the state of Florida, and he is otherwise *sui juris*.

5. TONDER is the Estate of Bruwer Wessell Van Tonder, who is now deceased and, at least during the last 5 years of his life, Tonder was a citizen and resident of Lee County, Florida.

## GENERAL FACTS

6. In 2010, TONDER began working for OCU and its affiliates as a consultant in several different fields of business around the world. NAHDI served as director of OCU and the primary representative of OCU for its business transactions, and he was also TONDER'S main contact relating to all business concerning OCU.

7. In 2012, OCU and NAHDI, with assistance from TONDER, began exploring the possibility of purchasing the shares of AXI International Corporation, a Nevada corporation, formerly known as Algae-X International Corporation ("AXI"), doing business in Lee County, Florida.

8. For over 20 years, AXI has engineered some of the best fuel system solutions. AXI provides customers with fully automated systems that seamlessly integrate with each other and the respective facilities they serve. From fuel filling and transfer to ready-use day tank storage and automated filtration, AXI covers the full spectrum of customer fuel management needs.

A. SHARE PURCHASE

9. On or about December 3, 2012, Caprihan Enterprises Limited, an affiliate of OCU, entered into a Share Purchase Agreement for purchase of 100% of the shares of AXI. A true and correct copy of the Share Purchase Agreement is attached hereto as Exhibit "A".

10. Between December 3, 2012, and February 5, 2013, OCU and NAHDI jointly paid the purchase price of $1 million USD. TONDER did not pay any of the purchase price.

11. On February 5, 2013, 200,000 shares of AXI were issued from the company's prior owners to Caprihan Enterprises Limited. A true and correct copy of share certificates 12 through 14 are attached hereto as Composite Exhibit "B".

12. TONDER executed the 2012 Agreement on behalf of Caprihan Enterprises Limited, by and through a Special Power of Attorney. (Exhibit A).

13. NAHDI was named President and Director of AXI, while TONDER was named CEO and Director of AXI. A true and correct copy of the 2013 Annual Report for AXI is attached hereto as Exhibit "C".

14. On March 8, 2013, AXI submitted documents with the state of Nevada and the state of Florida for change of name from Algae-X International Corporation to AXI International Corporation. A true and correct copy of the name change submissions are attached hereto as Exhibit "D".

15. On or about August 1, 2013, AXI issued new share certificates as follow:

   a. OCU received 102,000 shares, which constituted 51% of all issued shares of AXI. A true and correct copy of Share Certificate 1 is attached hereto as Exhibit "E".

   b. TONDER received 80,000 shares, which constituted 40% of all issued shares of AXI. A true and correct copy of Share Certificate 2 is attached hereto as Exhibit "F".

INTERNATIONAL LAW PARTNERS LLP
2122 Hollywood Blvd. ▪ Hollywood, FL 33020 ▪ PHONE: 954-374-7722 ▪ FAX: 954-212-0170

  c. NAHDI received 18,000 shares, which constituted 9% of all issued shares of AXI. A true and correct copy of Share Certificate 3 is attached hereto as Exhibit "G".

16. Filed federal tax returns for the calendar year 2014 show OCU owns 51% of AXI, NAHDI owns 9% of AXI and TONDER owns 40% of AXI. A true and correct copy of Schedule G of the 2014 tax return is attached hereto as Exhibit "H".

17. Filed federal tax returns for the calendar year 2015 show OCU owns 51% of AXI, NAHDI owns 9% of AXI and TONDER owns 40% of AXI. A true and correct copy of Schedule G of the 2015 tax return is attached hereto as Exhibit "I".

18. Filed federal tax returns for the calendar year 2016 show TONDER owns 40% of AXI, while Schedule G from the prior year tax returns is missing from the tax return copy in Plaintiffs' possession. A true and correct copy of Form 1125E contained in the 2016 tax return is attached hereto as Exhibit "J".

19. Between 2016 and 2017, TONDER represented to OCU and NAHDI that Chase Bank is requiring NAHDI's name to be removed from the AXI corporate bank accounts because he is a foreign national and because he is Muslim.

20. TONDER further represented to OCU and NAHDI he will need to remove OCU and NAHDI from public corporate records and as a signatory to the bank account so Chase Bank would continue doing business with AXI.

21. TONDER represented to OCU and NAHDI nothing else would change and, more specifically, the ownership interest in AXI will remain unchanged.

22. TONDER knew or should have known the representations he made to OCU and NAHDI were false when he made them.

INTERNATIONAL LAW PARTNERS LLP
2122 Hollywood Blvd. ▪ Hollywood, FL 33020 ▪ PHONE: 954-374-7722 ▪ FAX: 954-212-0170

23. OCU and NAHDI relied on TONDER's representations and agreed to be removed as signatories to the bank accounts and as officers on public corporate records.

24. OCU and NAHDI did not, at that time or at any time thereafter, agree to removal of OCU and NAHDI from AXI as directors and majority shareholders.

25. OCU and NAHDI fully expected their shares in AXI remain unchanged.

26. On October 1, 2017, TONDER created and signed a Unanimous Written Consent of The Board of Directors of AXI International ("Written Consent"), which purports to remove NAHDI from the board of directors and terminate all power he had in the company. A true and correct copy of the document is attached hereto as Exhibit "K".

27. The Written Consent, ironically, did not have the consent of NAHDI and although it was purported to have been signed by NAHDI, NAHDI's signature on the document is a forgery.

28. NAHDI did not sign the Written Consent.

29. Upon information and belief, TONDER forged NAHDI's signature without NAHDI's consent.

30. TONDER did so to further a scheme to remove NAHDI and OCU as shareholders of the Company and take all shares of AXI for himself without the consent of OCU and NAHDI, and without paying any consideration for such a transfer.

31. TONDER, thereafter, caused a new corporate book to be created; he removed the original share certificates and had a brand new share certificate issued showing newly issued 200,000 shares of AXI to him alone.

32. Despite his attempts, TONDER did not remove all record of the actual share ownership. As a result, the 2018 federal tax return for AXI shows TONDER owning only 40% of

5

the company. A true and correct copy of Form 1125E contained in the 2018 tax return is attached hereto as Exhibit "L".

33. However, the 2019 and 2020 tax returns do, in fact, reflect 100% ownership of AXI by TONDER. A true and correct copy of Form 1125E contained in the 2019 tax return is attached hereto as Exhibit "M". A true and correct copy of Form 1125E contained in the 2020 tax return is attached hereto as Exhibit "N."

### B. MONEY PAID

34. Between 2013 (after the initial purchase of AXI) and 2018, OCU and NAHDI, by and through international affiliate entities but always on behalf of OCU and NAHDI, paid approximately $5.4 million USD for investment into AXI.

35. The money was sent directly to TONDER's personal bank accounts.

36. TONDER represented to OCU and NAHDI he would invest the money into AXI as necessary.

37. While in his account, TONDER agreed he would not use the funds from OCU and NAHDI for any purpose other than the continued investment into AXI.

38. TONDER represented to OCU and NAHDI that if too much money was placed directly into AXI's corporate accounts, AXI's employees would see that amount of money and fail to properly keep track of the money.

39. In reality, and unbeknownst to OCU and NAHDI, TONDER intended to use the money for his own personal expenses instead of using all of the money for investment into AXI, as expressly communicated to him by OCU and NAHDI.

INTERNATIONAL LAW PARTNERS LLP
2122 Hollywood Blvd. ▪ Hollywood, FL 33020 ▪ PHONE: 954-374-7722 ▪ FAX: 954-212-0170

40. In fact, in 2019, TONDER used part of the funds he received from OCU and NAHDI to purchase real property located at 3371 Brantley Oaks Drive, Fort Myers, FL 33905 ("Property").

41. TONDER, thereafter, built a 5,100 square foot mansion on the Property.

42. TONDER used part of the funds he received from OCU and NAHDI to construct his mansion.

43. Meanwhile, TONDER continued to represent to OCU and NAHDI that he was using the money received from OCU and NAHDI only for the benefit of AXI.

44. TONDER also took money directly from AXI for personal expenses having nothing to do with the business of AXI, including but not limited to improvements of his home, personal shopping expenses, and personal vacations.

45. In 2021, upon information and belief, TONDER committed suicide.

46. Shortly after his death, OCU and NAHDI became aware of TONDER's efforts to defraud them out of money and shares of AXI.

47. OCU and NAHDI have retained undersigned counsel and have agreed to pay them a reasonable fee for the prosecution of this action.

## COUNT I
## FRAUD

Plaintiffs reincorporate and reallege paragraphs 1 through 47 above as if fully set forth herein.

48. TONDER made representations of fact to OCU and NAHDI.

49. TONDER knew or should have known all such representations were false when he made them.

50. TONDER made the representations to induce action by OCU and NAHDI.

7

51. OCU and NAHDI did, in fact, take action based on reasonable reliance upon representations of TONDER.

52. The representations TONDER made were later discovered to be patently false.

53. As a direct and proximate result TONDER'S fraud, OCU and NAHDI have suffered damages, including but not limited to compensatory damages and incidental and consequential damages.

Plaintiffs, OIL COM UGANDA and ISLAM EDHA ABDAHAH NAHDI, respectfully request this Court enter judgment in their favor and against the ESTATE OF BRUWER WESSEL VAN TONDER, and for such further relief this Court deems just and proper.

## COUNT II
## BREACH OF FIDUCIARY DUTY

Plaintiffs reincorporate and reallege paragraphs 1 through 47 above as if fully set forth herein.

54. As a shareholder, officer and director of AXI, TONDER was in a position of high degree of trust and confidence toward OCU and NAHDI, and owed them a fiduciary duty in the exercise of his duties, obligations, responsibilities and discretion.

55. OCU and NAHDI reposed trust and confidence in TONDER, and TONDER accepted such trust and confidence.

56. By reason of TONDER'S actions set forth above and incorporated herein, TONDER has breached his fiduciary duties and otherwise abused his fiduciary duties to OCU and NAHDI.

INTERNATIONAL LAW PARTNERS LLP
2122 Hollywood Blvd. ▪ Hollywood, FL 33020 ▪ PHONE: 954-374-7722 ▪ FAX: 954-212-0170

57. As a direct and proximate result TONDER'S breach of his fiduciary duties, OCU and NAHDI have suffered damages, including but not limited to compensatory damages and incidental and consequential damages.

Plaintiffs, OIL COM UGANDA and ISLAM EDHA ABDAHAH NAHDI, respectfully request this Court enter judgment in their favor and against the ESTATE OF BRUWER WESSEL VAN TONDER, and for such further relief this Court deems just and proper.

## COUNT III
## CONVERSION

Plaintiffs reincorporate and reallege paragraphs 1 through 47 above as if fully set forth herein.

58. TONDER acted wrongfully and improperly by using funds intended for use by AXI for his personal gain and benefit, at the intended detriment of OCU, NAHDI and AXI.

59. As a result, OCU and NAHDI are deprived of their rightful interest in the funds and have been deprived of those funds indefinitely.

60. The deprivation is causing OCU and NAHDI to suffer on-going damages, including incidental and consequential damages as a direct and proximate result of TONDER'S actions and inactions.

Plaintiffs, OIL COM UGANDA and ISLAM EDHA ABDAHAH NAHDI, respectfully request this Court enter judgment in their favor and against the ESTATE OF BRUWER WESSEL VAN TONDER, and for such further relief this Court deems just and proper.

## COUNT IV
## CONSTRUCTIVE TRUST

Plaintiffs reincorporate and reallege paragraphs 1 through 47 above as if fully set forth herein.

INTERNATIONAL LAW PARTNERS LLP
2122 Hollywood Blvd. ▪ Hollywood, FL 33020 ▪ PHONE: 954-374-7722 ▪ FAX: 954-212-0170

61. TONDER made several promises to OCU and NAHDI regarding how the money from OCU and NAHDI would be used, *i.e.* for investment into the business of AXI.

62. TONDER, OCU and NAHDI shared a confidential relationship as shareholders, directors and officers of AXI, and as business associates for several years.

63. In reliance upon TONDER'S promises and representations, OCU and NAHDI transferred approximately $5.4 million USD to TONDER's personal account for continued investment into the business of AXI.

64. Unbeknownst to OCU and NAHDI, TONDER used a large part of the money for his own personal benefit, without any benefit to AXI, OCU and NAHDI, and was therefore unjustly enriched.

65. As a direct and proximate result TONDER'S breach of the parties' constructive trust, OCU and NAHDI have suffered damages, including but not limited to compensatory damages and incidental and consequential damages.

Plaintiffs, OIL COM UGANDA and ISLAM EDHA ABDAHAH NAHDI, respectfully request this Court enter judgment in their favor and against the ESTATE OF BRUWER WESSEL VAN TONDER, and for such further relief this Court deems just and proper.

## COUNT V
## UNJUST ENRICHMENT

Plaintiffs reincorporate and reallege paragraphs 1 through 47 above as if fully set forth herein.

66. OCU and NAHDI conferred a benefit on TONDER, to wit: money sent to TONDER's personal bank accounts.

INTERNATIONAL LAW PARTNERS LLP
2122 Hollywood Blvd. ▪ Hollywood, FL 33020 ▪ PHONE: 954-374-7722 ▪ FAX: 954-212-0170

67. TONDER accepted the benefit with the condition that he would use the money for investment into the business of AXI.

68. TONDER received the benefit for himself instead of using the money for investment into the business of AXI, and TONDER paid nothing in exchange for the benefit he received.

69. As a direct and proximate result TONDER'S unjust enrichment, OCU and NAHDI have suffered damages, including but not limited to compensatory damages and incidental and consequential damages.

Plaintiffs, OIL COM UGANDA and ISLAM EDHA ABDAHAH NAHDI, respectfully request this Court enter judgment in their favor and against the ESTATE OF BRUWER WESSEL VAN TONDER, and for such further relief this Court deems just and proper.

## COUNT VI
## ACCOUNTING

Plaintiffs reincorporate and reallege paragraphs 1 through 47 above as if fully set forth herein.

70. OCU and NAHDI transferred approximately $5.4 million USD to TONDER's personal account.

71. The money was transferred for the specific purpose of continued investment for the business of AXI.

72. However, unbeknownst to OCU and NAHDI, TONDER used a large part of the money for his own personal benefit.

73. OCU and NAHDI are entitled to a full accounting of TONDER'S personal finances to determine exactly how much money from or on behalf of OCU and NAHDI that TONDER

11

spent for the business of AXI and how much money he spent on his personal expenses, including but not limited to the purchase and construction of his home.

74. TONDER knowingly used the money for his personal benefit instead of the benefit of AXI, OCU and NAHDI.

75. The full extent of TONDER'S unlawful and wrongful activities are not known to OCU and NAHDI, and TONDER is in possession of all relevant financial records. Therefore, OCU and NAHDI are unable to obtain a definite accounting of the money and how much of it has been converted by TONDER.

76. As a result of TONDER's wrongful conduct, OCU and NAHDI's remedy at law as it pertains to their rights to account for and determine the extent of TONDER's fraud is inadequate and will not be as expeditious as equity.

Plaintiffs, OIL COM UGANDA and ISLAM EDHA ABDAHAH NAHDI, respectfully request this Court enter judgment in their favor and against the ESTATE OF BRUWER WESSEL VAN TONDER, and for such further relief this Court deems just and proper.

## COUNT VII
## PERMANENT INJUNCTION

Plaintiffs reincorporate and reallege paragraphs 1 through 47 above as if fully set forth herein.

77. OCU and NAHDI, as majority shareholders of AXI, request a permanent injunction against all actions taken on behalf of TONDER relating to the business of AXI.

78. Unless TONDER is permanently enjoined from further asserting control and faux ownership over AXI, such continued activities will result in additional irreparable injuries to OCU and NAHDI, for which there is no adequate remedy at law.

INTERNATIONAL LAW PARTNERS LLP
2122 Hollywood Blvd. ▪ Hollywood, FL 33020 ▪ PHONE: 954-374-7722 ▪ FAX: 954-212-0170

79. OCU and NAHDI, as parties who have caused to be sent approximately $5.4 million USD to TONDER's personal bank accounts, request a permanent injunction as to waste of any additional funds in TONDER's personal accounts until a full accounting is completed and it is determined how much money TONDER used for his personal benefit.

80. Unless TONDER is permanently enjoined from further wasting the funds of OCU and NAHDI, such continued activities will result in additional irreparable injuries to OCU and NAHDI, for which there is no adequate remedy at law.

Plaintiffs, OIL COM UGANDA and ISLAM EDHA ABDAHAH NAHDI, respectfully request this Court enter judgment in their favor and against the ESTATE OF BRUWER WESSEL VAN TONDER, and for such further relief this Court deems just and proper.

## COUNT VIII
## DECLARATORY JUDGMENT

Plaintiffs reincorporate and reallege paragraphs 1 through 47 above as if fully set forth herein.

81. The determination of this justiciable controversy is crucial to the rights and obligations of these parties.

82. An actual and justiciable controversy presently exists between Plaintiffs and Defendant as to whether and to what extent Plaintiffs continue to own shares in AXI.

83. The parties have an antagonistic interest in the subject matter, either in fact or law.

84. Based on the allegations set forth in paragraphs 1 through 46, above, and the exhibits attached to this Complaint, OCU and NAHDI do hereby request a declaration that they have been and continue to be majority shareholders of AXI.

INTERNATIONAL LAW PARTNERS LLP
2122 Hollywood Blvd. ▪ Hollywood, FL 33020 ▪ PHONE: 954-374-7722 ▪ FAX: 954-212-0170

Plaintiffs, OIL COM UGANDA and ISLAM EDHA ABDAHAH NAHDI, respectfully request this Court enter judgment in their favor and against the ESTATE OF BRUWER WESSEL VAN TONDER, and for such further relief this Court deems just and proper.

                                         **INTERNATIONAL LAW PARTNERS LLP**
                                         *Counsel for Plaintiffs*
                                         2122 Hollywood Blvd.
                                         Hollywood, FL 33020
                                         Telephone:   (954) 374-7721
                                         Facsimile:    (954) 212-0170

                                         By /s/ YASIR BILLOO
                                              **YASIR BILLOO, Esq.**
                                              Florida Bar No.: 718351
                                              ybilloo@ilp.law
                                              mvidales@ilp.law
                                              yshipman@ilp.law